UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMILLA D. STEPHENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:12-cv-01159-GMN-VCF |
| v. ) | |
| ) | **O R D E R** |
| LVNV FUNDING, LLC, ) | |
| ) | (Motion to Stay Discovery #33) |
| Defendants. ) | |
| ) | |

Before the court is defendant LVNV Funding, LLC's (hereinafter "LVNV") Motion to Stay Discovery Pending Ruling On Motion to Dismiss. (#33). Plaintiff Jamilla D. Stephens filed an Opposition (#34), and defendant filed a Reply (#36).

**I.     Background**

Plaintiff filed her motion/application to proceed *in forma pauperis* and complaint against LVNV on July 3, 2012. (#1 and #1-1). The court set a hearing on the motion/application (#1) for July 27, 2012. (#2). Plaintiff filed her first proposed amended complaint on July 9, 2012. (#3). The court issued an order on July 13, 2012, granting the application to proceed *in forma pauperis* (#1), vacating the July 27, 2012, hearing, and ordering the clerk to file the amended complaint (#3) and serve the defendant. (#4). The clerk filed plaintiff's amended complaint on the same day. (#5). On July 16, 2012, plaintiff filed a motion to continue the hearing scheduled for July 27, 2012 (#7), and the court issued an order on July 17, 2012, denying the motion (#7) as moot, because the court previously vacated the hearing (#4) (#9).

On August 29, 2012, plaintiff filed a second amended complaint. (#10). On September 13, 2012, plaintiff filed a motion for entry of default against LVNV. (#11). The court denied the motion for entry of default (#12) on September 20, 2012, stating that plaintiff failed to "provide proper proof of service of the original Complaint (#1-1) and/or the First Amended Complaint (#5) upon Defendant

LVNV Funding LLC. Plaintiff has also failed to request issuance of the Summons for the second Amended Complaint (#10)." (#12). Defendant LVNV filed a motion to dismiss on the same day. (#13). Plaintiff filed an amended motion for entry of clerk default on September 21, 2012. (#15). Plaintiff filed an *ex parte* motion to strike LVNV's "untimely answer" on September 26, 2012. (#17). The court entered an order on October 3, 2012, holding that:

> Plaintiff's Amended Motion 15 for Entry of Clerk's Default and 17 Plaintiff's Ex Parte Motion to Strike Defendants LVNV's Untimely Answer, are hereby DENIED. The Amended Motion 15 is DENIED for Plaintiff's failure, under Rule 4(c)-(d) of the Federal Rules of Civil Procedure, to provide proper proof of service of the original Complaint [1-1], as well as the First Amended Complaint 10 upon Defendant LVNV Funding, LLC. Plaintiff has also failed to request issuance of the Summons for the First Amended Complaint 10, as to Defendant LVNV Funding, LLC. Due to Plaintiff's failure to effectuate proper service on Defendant, Plaintiff's Ex-Parte Motion 17 is also DENIED.

(#18). Plaintiff filed her opposition to the motion to dismiss (#13) on October 9, 2012. (#19). Plaintiff filed a motion for *pro se* to file electronically on October 11, 2012. (#21). Defendant filed its reply in support of its motion to dismiss on October 19, 2012. (#22). The parties filed a proposed discovery plan and scheduling order on November 20, 2012, wherein plaintiff stated that she disagreed with the discovery time-line. (#28). Plaintiff filed a motion for summary judgment on November 27, 2012. (#29).

On November 27, 2012, plaintiff filed a motion to amend/correct motion for summary judgement (#29). (#31). Plaintiff filed an affidavit in support of her motion for summary judgment (#29) on November 28, 2012. (#32). On the same day, defendant filed the instant motion to stay discovery (#33) and plaintiff filed an opposition thereto (#34). On December 10, 2012, defendant filed its reply in support of the motion to stay (#33). (#36). On December 12, 2012, the court signed the proposed scheduling order (#28), setting a discovery cut-off date of May 20, 2012. (#37). On December 14, 2012, defendant filed an opposition to plaintiff's motion to amend/correct motion for summary judgment (#38), and on December 21, 2012, defendant filed an opposition to plaintiff's motion for summary judgment (#29). Plaintiff filed a reply in support of her motion for summary

judgment (#29) on December 28, 2012. (#40). Plaintiff filed a second affidavit regarding the motion for summary judgment (#29) on January 2, 2013. (#41).

## II.     Motion To Stay (#33)

Defendant asks this court for a protective order staying discovery pending the resolution of its motion to dismiss (#13). (#33). Defendant asserts that the plaintiff's claims are not actionable under Ninth Circuit law, and that since the pending motion to dismiss (#13) will be dispositive of the entire action, staying discovery is in the best interest of the parties and the court. *Id.* Plaintiff opposes the stay, and argues that the defendant is engaging in "delay and proscrastic (sic) tactics designed to prejudice plaintiff with extensive litigation and unnecessary costs." (#34). Plaintiff asserts that defendant did not ask for this stay in the proposed discovery plan and scheduling order (#28), and that "good cause" does not exist to stay discovery. *Id.* Plaintiff asks this court to (1) order defendant to respond to discovery requests, and (2) order defendant to pay plaintiff's fees and costs associated with filing the opposition. *Id.* Plaintiff also argues that without discovery, she cannot adequately respond to the motion to dismiss or any future dispositive motion. *Id.*

Defendant argues in its reply that (1) plaintiff will benefit from a stay, as she will not incur any discovery costs while the court assesses whether her second amended complaint (#10) is legally viable, (2) no fact discovery is necessary for the motion to dismiss, as the motion is a challenge based purely on questions of law, (3) plaintiff has not served defendant with any discovery requests, and (4) plaintiff does not have any fees to recover as she is representing herself in this action. (#36).

### D.     Stay of Discovery

#### 1.     Relevant Law

"A district court may ... stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief." *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir.1981), *cert. denied*, 455 U.S. 942, 102 S.Ct. 1437, 71 L. Ed.2d 654 (1982); *B.R.S. Land Investors v. United States*, 596 F.2d 353 (9th Cir.1979) (emphasis added). The Ninth Circuit has held that staying discovery pending a motion to

dismiss is permissible where there are no factual issues raised by the motion to dismiss. *Rae v. Union Bank,* 725 F.2d 478, 481 (9th Cir. 1984). The court may continue to stay discovery when the court is "convinced that the plaintiff will be unable to state a claim for relief" and where "discovery is not required to address the issues raised by [d]efendant's motion to dismiss." *White v. American Tabacco Co.*, 125 F.R.D. 508 (D. Nev. 1989)(citing *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir.1981), *cert. denied*, 455 U.S. 942, 102 S.Ct. 1437, 71 L.Ed.2d 654 (1982); *Jarvis v. Regan*, 833 F.2d, 149, 155 (9th Cir.1987)).

Although the Ninth Circuit has not issued a ruling enumerating factors a court should apply in deciding a motion to stay discovery while a dispositive motion is pending, federal district courts in the Northern and Eastern Districts of California have applied a two-part test when evaluating whether discovery should be stayed. *See, e.g.*, *Mlenjnecky v. Olympus Imaging America, Inc.*, 2011 WL 489743 at *6 (E.D. Cal. Feb. 7, 2011) (collecting cases). First, the pending motion must be potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought. *Id.* Second, the court must determine whether the pending potentially dispositive motion can be decided without additional discovery. *Id.* In applying this two-factor test, the court deciding the motion to stay must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *Id.* If the party moving to stay satisfies both prongs, a protective order may issue; otherwise, discovery should proceed. *Id*.

In evaluating the propriety of an order staying or limiting discovery while a dispositive motion is pending, this court considers the goal of Federal Rule of Civil Procedure 1, which states that the rules must "be construed and administered to secure the just, speedy, and inexpensive determination of every action." *Id.* The court must weigh the expense of discovery with the underlying principle that a stay of discovery should only be ordered if the court is "convinced" that a plaintiff will be unable to state a claim for relief. As the court in *Mlenjnecky* stated, taking a "preliminary peek" and evaluating a pending dispositive motion puts a magistrate judge in an awkward position. 2011 WL 489743 at *6.

4

1  The district judge will decide the dispositive motion and may have a different view of the merits of the
2  underlying motion. *Id.*
3        Thus, this court's "preliminary peek" at the merits of the underlying motion is not intended to
4  prejudge its outcome. Rather, this court's role is to evaluate the propriety of an order staying or limiting
5  discovery with the goal of accomplishing the objectives of Fed. R. Civ. P. 1. With this Rule as its prime
6  directive, this court must decide whether it is more just to speed the parties along in discovery and other
7  proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery
8  and other proceedings to accomplish the inexpensive determination of the case.

        **2.**     **Pending Motions to Dismiss**

10        In determining whether to stay discovery, the court will take a "preliminary peek" at the pending
11  motion to dismiss plaintiff's complaint (#13). *See, Mlenjnecky*, 2011 WL 489743, at *6. Plaintiff's
12  second amended complaint asserts claims for (1) violation of Fair Credit Reporting Act 623(b)
13  (hereinafter "FCRA"), (2) violation of "Fair Debt Credit Practices Act"[1] (hereinafter "FDCPA"), (3)
14  "Title 2, NRS Chapter 598, violation of Nevada Debt Collection," and (4) defamation. (#10).
15  Plaintiff's allegations stem from her claim that there is erroneously reported information on her credit
16  report. *Id.* She alleges that (a) she has several credit accounts in default, (b) these accounts appear on
17  her credit report, (c) plaintiff asked for verification of these accounts by submitting disputes to the credit
18  reporting agencies, (d) defendant verified these accounts as valid in seven separate reports to the CRA,
19  (e) these accounts have a false balance and "Date Opened" information, and (f) this is all part of a
20  scheme by defendant to extend statute of limitations to collect on these accounts, a scheme plaintiff
21  refers to as "re-aging." *Id.*
22        Defendant LVNV asserts that the second amended complaint (#10) should be dismissed for

---

[1] Upon a review of the complaint (#10), the court finds that plaintiff intends to assert a claim for violation of the Fair Debt <u>Collection</u> Practices Act and will construe the claim as such. See *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 584 (1972)(holding that *pro se* plaintiffs are held to a less stringent standard than those who are represented by counsel.).

5

several reasons. (#13). Defendant states that the FCRA, 15 U.S.C. § 1681 *et seq.*, "does not provide a private right of action against a furnisher of credit information for reporting inaccurate information. Rather, a furnisher's liability is triggered only upon failing to conduct a reasonable investigation in response to a dispute submitted by a consumer through a CRA..." *Id.* Defendant cites to *Nelson v. Chase Manhattan Mortg. Corp.,* 282 F.3d 1057, 1060 (9th Cir. 2002), where the court held that "Congress did not want furnishers of credit information exposed to suit by any and every consumer dissatisfied with the credit information furnished. Hence, Congress limited the enforcement of the duties imposed by § 1681s-2(a) to governmental bodies." *Id.* As plaintiff does not allege that defendant failed to conduct a reasonable investigation in her amended complaint (#10), defendant argues that no private right of action exists and dismissal of the FCRA claim is appropriate. *Id.*

Defendant asserts that plaintiff's claim under the FDCPA must be dismissed, as plaintiff does not allege that defendant is a "debt collector" as required by the FDCPA. *Id.* Defendant states that "[t]he FDCPA defines a "debt collector" as "any person ... who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due **another**." *Id* (citing 15 U.S.C. § 1692a(6) (emphasis added). Pursuant to the FDCPA, "a 'creditor' is not a 'debt collector' under the FDCPA." *See Rowe v. Educational Credit Management Corp.,* 559 F.3d 1028, 1031 (9th Cir. 2009). Defendant argues that since only "debt collectors" come under the purview of the FDCPA, and defendant is plaintiff's **creditor**, defendant cannot be liable under the FDCPA and dismissal of plaintiff's second claim is appropriate. (#33).

With regard to plaintiff's NRS and defamation claims, defendant argues that these claims "share a common thread: each are premised on Defendant's furnishing of credit information, and hence, each are preempted by the FCRA." *Id.* Defendant asserts that the "FCRA preempts all state law claims, both statutory and common law, relating to a furnisher's credit reporting conduct," and cites *Roybal v. Equifax*, 405 F. Supp. 2d 1177, 1181 (E.D. Cal. 2005), where the court held that "[t]hrough the FCRA, Congress has elected to establish a scheme of uniform requirements regulating the use, collection and

6

sharing of consumer credit information. In order to maintain this uniformity, Congress included **express preemption clauses** in the FCRA relating to various aspects of consumer credit reporting. One area Congress has chosen to preempt is the regulation of **furnishers of credit information** .. " *Id* (emphasis added). Defendant also states that "furnishers of information cannot provide inaccurate information, but if they do, **any state statutory and common law causes** of action brought as a result of this conduct are preempted by the FCRA." *Id* (quoting *Trout v. BMW of N. Am.*, 2007 U.S. Dist. LEXIS 12000, *6 (D. Nev. February 20, 2007) (extensive survey of case authority both in the Ninth Circuit and out-of-circuit holding that section 1681 t(b)(1)(F) preempts all state statutory and common law claims relating to conduct of furnishers)(emphasis added). Defendant asserts that plaintiff's NRS and defamation claims must be dismissed as preempted by the FCRA. *Id.*

  After taking a "preliminary peek" into the pending motion to dismiss (#13), the court finds that staying discovery is warranted. *See, Mlenjnecky*, 2011 WL 489743, at *6. The motion (#13) could be potentially dispositive of <u>all</u> of plaintiff's claims against the defendant. *Id.* Defendant does not raise any factual issues in its motion (#13), and based on defendant's grounds for dismissal that (1) no private cause of action exists, (2) defendant is not a "debt collector" as defined by FDCPA, and (3) state law claims are preempted, no discovery is necessary for the court to address and issue a ruling on the motion to dismiss (#13). *Id.* As defendant has satisfied both prongs of the test enumerated by the court in *Mlenjnecky*, entering a protective order staying discovery is appropriate. *See, Mlenjnecky*, 2011 WL 489743, at *6.

  The court also finds that a stay of discovery will accomplish the inexpensive and speedy determination of the action, especially in light of plaintiff's *pro se* status[2], as the parties will not incur unnecessary discovery costs during the pendency of the motion to dismiss (#13). *See* Fed. R. Civ. P.

---

[2] Plaintiff is concerned that the stay will prejudice her and force her to engage in "extensive litigation" and incur "unnecessary costs." (#34). The stay will eliminate any unnecessary discovery costs until the court can determine the validity of her claims as plead in her second amended complaint (#10).

1. Since the court granted the motion to stay (#33), plaintiff's request for an award of fees and costs (#34) is denied.

Accordingly, and for good cause shown,

IT IS ORDERED that defendant LVNV Funding, LLC's Motion to Stay Discovery Pending Ruling On Motion to Dismiss (#33) is GRANTED.

IT IS FURTHER ORDERED that discovery in this action is STAYED until September 16, 2013, or further order from this court. If all claims are not dismissed by disposition of the defendant's motion to dismiss (#13), no later than the earlier of fifteen (15) days after the entry of the court's ruling on defendant's motion to dismiss (#13) or September 16, 2013, the parties must file a new stipulated discovery plan and scheduling order. This stay will be lifted upon the filing of that stipulated discovery plan and scheduling order.

IT IS FURTHER ORDERED that plaintiff's request for an award of fees and costs associated with filing her opposition (#34) is DENIED.

DATED this 14th day of March, 2013.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**

8